**\*NOT FOR PUBLICATION\***

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Cr. No. 14-287 (FLW) |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| MENDEL EPSTEIN, JAY GOLDSTEIN, DAVID ARYEH EPSTEIN, and BINYAMIN STIMLER, | : | |
| | : | |
| Defendants. | : | |

**WOLFSON**, **United States District Judge**:

Before the Court are two separate motions for bail pending appeal filed, respectively, by Defendants Rabbi Mendel Epstein and Rabbi Binyamin Stimler (collectively, "Defendants"), who have been convicted by a jury of kidnapping-related charges. Both Defendants argue that because the various legal and factual issues that they have raised during and after trial, which are now on appeal, are "fairly debatable," they qualify as an extraordinary circumstance under 18 U.S.C. § 3145(c). Because I disagree with Defendants' positions, I deny their motions for the reasons set forth herein.

I need not belabor the facts of this case as they have been extensively recounted by this Court in prior opinions, with the most recent one rendered on December 11, 2015, which resolved Defendants' post-trial motions pursuant to Fed. R. Crim. P. 33 and 29. *See United States v. Epstein*, No. 14-287, 2015 U.S.

1

Dist. LEXIS 166654 (D.N.J. Dec. 11, 2015). Those facts will be incorporated here. Suffice it to say, after a nine-week jury trial, both Epstein and Stimler were convicted of conspiracy to commit kidnapping, and Stimler was also convicted of attempted kidnapping. For those convictions, Epstein received a sentence of 120 months, while Stimler was sentenced to 39 months. Defendants timely appealed the judgment of conviction and sentence to the Third Circuit. Thereafter, the present motions ensued.

## DISCUSSION

### I.  Standard of Review

The parties dispute the correct standard upon which to review a bail pending appeal for kidnapping-related convictions. First, however, the parties agree that the proper statutory provision of the Bail Reform Act that governs this bail motion is 18 U.S.C. § 3145(c), which states "[a] person subject to detention pursuant to [section 3143(b)(2)] [1] . . ., and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1) . . . may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c).[2] The parties do debate what "exceptional" means under this

---

[1]   Because Defendants' conviction of conspiracy to commit kidnapping carries a maximum sentence of life imprisonment, Defendants must be mandatorily detained pursuant to § 3143(b)(2) and § 3142(f)(1)(B). Correspondingly, Defendants' request for bail pending appeal must be made under § 3145(c).

[2]   While the parties did not make this particular argument, there is a minority view that the district court has no authority under § 3145(c) to order the release of defendants pending appeal. Indeed, under that view, only the court

2

statute. On one hand, the Government argues that Defendants must show "exceptional circumstances" to receive bail pending appeal; on the other hand, Defendants maintain that the "fairly debatable" standard of § 3143(b)(1) should apply.

Based on the plain language of § 3145(c), a defendant who is subject to mandatory detention under § 3143(b)(2), like Epstein and Stimler, must meet the conditions of release set forth in § 3143(b)(1) **and** show "exceptional reasons" why detention would not be appropriate. *United States v. Lieberman*, 496 F. Supp. 2d 584, 587 (E.D. Pa. 2007). Under the first set of requirements, section 3143(b)(1) mandates that bail pending appeal is appropriate only if the court finds 1) by clear and convincing evidence that (a) the defendant is not likely to flee; and (b) that defendant does not pose a danger to the safety of any other person or the community if released; and (2) that the appeal (a) is not for the purpose of delay; and (b) raises a substantial question of law or fact which, if determined favorably to defendant on appeal, is likely to result in reversal or an order for a new trial. *See* 18 U.S.C. § 3143(b)(1); *United States v. Miller*, 753 F.2d 19, 23-24 (3d Cir. 1985).

---

of appeals can make that determination. However, the majority view, which has been adopted by most district courts in this circuit, takes the contrary position: the district court has the discretionary authority to consider if exceptional reasons exist to release a defendant pending appeal. *See United States v. Smith*, 34 F. Supp. 3d 541 (W.D. Pa. 2014)(explaining and collecting district and circuit court decisions adopting the majority view). Because the parties have not injected this dispute here, and because I find the majority view persuasive, I hold that I have the discretion to decide bail pending appeal under § 3145(c).

As for "exceptional reasons," the statute itself does not define such a term, and the Third Circuit has not provided any guidance. However, other courts have identified some guidelines when applying § 3145(c). *See, e.g., United States v. Green*, 250 F. Supp. 2d 1145, 1149 (E.D. Mo. 2003); *Smith*, 34 F. Supp. 3d at 553.

To begin, "exceptional requires something 'out of the ordinary' to distinguish the defendant's case from those of [other defendants] subject to mandatory detention." *United States v. Salome,* 870 F. Supp. 648, 653 (W.D. Pa. 1994) (citing *United States v. Herrera-Soto*, 961 F.2d 645, 646 (7th Cir. 1992)). The majority of courts define "exceptional" under § 3145(c) as "clearly out of the ordinary, uncommon, or rare." *See United States v. Larue*, 478 F.3d 924, 925 (8th Cir. 2007); *Herrera-Soto*, 961 F.2d at 647 (explaining that "exceptional reasons" involve "a unique combination of circumstances giving rise to situations that are out of the ordinary"). In fact, "to avoid emasculating the mandatory detention statute[,] 'exceptional reasons review is limited to determining whether remanding the defendant to custody [pending appeal] would be tantamount to subjecting individuals to unjust detention.'" *United States v. Thomas*, No. 10-cr-229, 2010 U.S. Dist. LEXIS 85823, 2010 WL 3323805, at *2 (D.N.J. Aug. 20, 2010) (quoting *United States v. Christman,* 712 F. Supp. 2d 651, 655 (E.D. Ky. 2010)).

In addition, district courts have employed the Ninth Circuit's multi-factored test in determining whether "exceptional reasons" exist. *See United States v. Garcia*, 340 F.3d 1013, 1018-22 (9th Cir. 2003); *see, e.g., United States*

4

*v. Bonczek*, No. 08-361, 2009 U.S. Dist. LEXIS 87782, at *7-8 (S.D.N.Y. Sep. 8, 2009); *United States v. Cogswell*, No. 11-205, 2013 U.S. Dist. LEXIS 19791, at *5 (D. Maine Feb. 14, 2013). Those factors include: (1) whether the defendant's criminal conduct was aberrational and, up until the offense, the defendant had led an exemplary life and would continue to do so if allowed to remain free on bail; (2) the nature of the violent act, i.e. the act did not involve specific intent or any threat or injury to persons; (3) whether the defendant would have to serve most or all of his prison sentence before the appeal was decided; (4) whether the prison sentence would impose unusual hardships on a defendant, as in a defendant with serious illness or injury; (5) the nature and strength of the defendant's arguments on appeal; and (6) whether the defendant was "unusually" cooperative with the government. *Garcia*, 340 F.3d at 1018-22.

However, the Ninth Circuit has cautioned that the above-recited test is instructive, but not controlling. *Id.* Indeed, "[t]he test under § 3145(c) is necessarily a flexible one, and district courts have wide latitude to determine whether a particular set of circumstances qualifies as 'exceptional.'" *United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004). Thus, determining whether the circumstances of a given case constitute "'exceptional reasons' is a fact-intensive inquiry within the discretion of the district court," *United States v. Koon*, 6 F.3d 561 (9th Cir. 1993) (Rymer, J., concurring), and for which "a case by case evaluation is essential." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). Importantly, the burden is on the defendant to show by clear and convincing evidence why his detention would not be appropriate based on

exceptional reasons. *United States v. Stein*, No. 90- 0425, 1991 U.S. Dist. LEXIS 7469, at *3 (E.D. Pa. May 31, 1991).

The first evaluation focuses on whether Defendants meet the requirements under § 3143(b)(1).  There is no argument by the Government, and I do not find, that Defendants are likely to flee, or that they pose a danger to the safety of others if released.  However, whether Defendants have raised a substantial question of law or fact on appeal is a closer question.  As Defendants recognize, in order to successfully raise a substantial question, the law requires him to prove "that the significant question at issue is one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985); *United States v. Smith*, 793 F.2d 85, 88 (3d Cir. 1986).  More importantly, the Third Circuit has explained that the "definition of a substantial question requires that the issue on appeal [also] be significant . . . ." *Smith*, 793 F.2d at 88.  Put differently, "[i]n requiring a 'question of some substance', or a 'substantial showing of the denial of [a] federal right,' obviously the [defendant] need not show that he should prevail on the merits . . . . Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Id.* at 89 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (citations omitted)).

Defendants argue that the appellate issues raised in this case clearly qualify as substantial questions because 1) this Court's total prohibition of

6

evidence on a religious defense; 2) the omission of "for an appreciable period of time" in the jury charge related to kidnapping; and 3) the instruction on conspiracy to commit kidnapping did not require the jury to find a jurisdictional element.

These arguments have been repeatedly raised during trial and in Defendants' post-trial motions. Indeed, I have not only made determinations on the record on these issues, I have also rendered written opinions on them more than once. For the sake of judicial economy, I will not repeat my extensive rulings here. I recognize that some issues raised by Defendants are novel and there are no controlling precedents. But, having reviewed Defendants' "novel" arguments, it is difficult for this Court to make the determination that these are significant issues that would likely be resolved differently on appeal. For one, Defendants' insistence on raising a religious defense to negate their intent, while novel, simply cannot be justified by existing law, or be countenanced in light of substantial concerns related to jury nullification. For similar reasons, Defendants' unsuccessful defense based on the Religious Freedom Restoration Act would not be subject to debate among reasonable jurists.[3] Moreover, Defendants' other arguments related to jury charges are similarly without merit.

---

[3]   Stimler also submits that he was seriously prejudiced by being tried together with the other defendants, and that fact alone is sufficient to find as a substantial issue on appeal. I do not agree. As I have stated on the record, as a co-conspirator, Stimler was properly tried together with other defendants with whom Stimler participated to commit the criminal acts. *See United States v. Inigo*, 925 F.2d 641, 656 (3d Cir. 1991) ("It is . . . customary to try persons charged as co-conspirators together, and severance of a co-conspirator's trial is required only for compelling reasons."); *United States v. Console,* 13 F.3d 641, 655 n.8 (3d Cir. 1993).

First, Defendants sought to include language in the kidnapping substantive charge to add the phrase "appreciable period of time"; but, such phrasing is not relevant in the instant case, and Defendants have cited no instructions of any circuit that have included such language.  Likewise, Defendants' contention that a lack of instruction on the jurisdictional element for conspiracy to commit kidnapping, is not a substantial issue.  Indeed, the Court instructed the jury that in order to convict Defendants of conspiracy to kidnap, the jury must find that that Defendants agreed to commit the substantive crime of kidnapping, which instructions included the interstate-activity requirement.

Over all, the Court cannot find that Defendants have raised any substantial issues warranting bail pending appeal.  But, even if the Court were to find that some issues are substantial, Defendants have failed to present any extraordinary reasons to justify bail.  Of the non-exhaustive six-factored test, as outlined above, Epstein focuses on factors 1, criminal conduct; 4, unusual hardships; and 5, the nature and strength of the arguments on appeal.  As I have already addressed the fifth factor, I will turn to the other factors.  Epstein argues that he will face unusual hardship in prison in light of his poor health condition.  I do not find this reason persuasive.  Indeed, a defendant's health, absent unusual circumstances, does not constitute an exceptional circumstance under § 3145(c). *United States v. Wages*, 271 Fed. Appx. 726, 728 (10th Cir. 2008) ("[I]t is a rare case in which health conditions present an 'exceptional reason'"); *Bernard*, 2013 U.S. Dist. LEXIS 14984, at *5-8; *United States v. Wayman*, No. 3:11-cr-22, 2011 U.S. Dist. LEXIS 115308, at *9 (E.D. Tenn. Oct. 5, 2011)

(concluding that the need for surgery for a torn meniscus is not an exceptional reason); *Cogswell*, 2013 U.S. Dist. LEXIS 19791 at *8; *United States v. Rausch*, 746 F. Supp. 2d 1192, 1201-02 (D. Colo., 2010)(finding that it is a rare case in which health conditions present an "exceptional reason").[4]

Here, Epstein claims that he is an elderly man with significant health problems, such as high blood pressure and a severe form of sleep apnea. These, however, are not so unusual such that the Bureau of Prisons ("BOP") cannot adequately treat them. Certainly, Epstein has not demonstrated that any necessary medical treatment or monitoring would be inadequate in his prison setting. *See United States v. Haugen*, No. 12-305, 2015 U.S. Dist. LEXIS 57864, at *5-6 (D. Minn. May 4, 2015); *United States v. Rodella*, 101 F. Supp. 3d 1075, 1133 (D.N.M. Apr. 21, 2015)(finding that the defendant has the burden of proof to clearly show that his incarceration would substantially impact his health conditions negatively). Without any extraordinary circumstances surrounding Epstein's health issues, Epstein's personal health status cannot rise to level of an exceptional reason.

Epstein also advances that his personal history and unique family situation qualify as exceptional reasons. In that regard, Epstein maintains that he has no prior history of violence, that he has dedicated his life to serving his

---

[4] Similarly, in the sentencing context, the Third Circuit has advised that downward departures for extraordinary physical impairment are rarely granted. In particular, where the prison system has the capacity to accommodate an inmate's medical needs, such requests are usually denied. *See United States v. Hernandez*, 218 F.3d 272, 280-81 (3d Cir. 2000); *United States v. Lewis*, No. 00-66, 2003 U.S. Dist. LEXIS 15626, at *18 (E.D. Pa. Jul. 29, 2003).

religious community, and that he has exceptionally strong family and community ties. Epstein further maintains that he must be available to assist his wife in much of her daily activities because she has multiple health conditions. However, personal reasons, such as caring for family members, being gainfully employed, and caring for young children are not extraordinary reasons. *United States v. Green*, 250 F. Supp. 2d 1145, 1149 (E.D. Mo. 2003); *United States v. Huggins*, No. 15-50025, 2015 U.S. Dist. LEXIS 99509, at *7-8 (D.S.D. Jul. 30, 2015). "Congress did not intend release upon a simple accumulation of numerous common circumstances that alone would not constitute an exceptional reason." *Id.* Indeed, admittedly, there may be substantial burdens placed upon Epstein and his family now and in the future as a result of Epstein's incarceration; however, these personal hardships are in no way unusual for a defendant facing incarceration. Rather, the circumstances Epstein posits at this time "demonstrate nothing more than the all too common effects of criminal behavior." *Id.* at 1151. *See also United States v. Schmitt*, 515 Fed. Appx. 646, 647 (8th Cir. 2013) ("none of the reasons relied upon by the district court [drug conspiracy participation to satisfy one's own addiction, cooperation with the court, helping elderly parents, no risk to community] in determining that Schmitt should not be detained, either individually or in combination, are 'exceptional' within the meaning of 18 U.S.C. § 3145(c), because they are not 'clearly out of the ordinary, uncommon or rare,' the

10

standard which we have consistently applied.").[5]  Additionally, Epstein's previously clean criminal history also does not amount to an exceptional reason under § 3145(c) justifying bail. *See United States v. Bararia*, No. 12-236, 2014 U.S. Dist. LEXIS 146386, at *3 (D. Nev. Oct. 14, 2014).

The remaining factors also weigh against bail pending appeal for Epstein. While there is little doubt in my mind that Epstein would not commit another crime on bail, I do find that the criminal conduct for which Epstein was convicted was heinous, regardless whether the act was committed in a religious context. More importantly, Epstein engaged in kidnappings, for the purposes of forced gittin, years before he was arrested; this was hardly a one-time, aberrational act on Epstein's part.  Next, Epstein's lengthy prison sentence would not likely be completed when his appeal is resolved.  Finally, I do not find that Epstein was "unusually" cooperative with the Government.  Accordingly, having considered the surrounding circumstances and arguments Epstein prepares to make on appeal, this Court finds that Epstein has failed to show by clear and convincing evidence that bail pending appeal is appropriate under § 3145(c); Epstein's motion is denied.

As to Stimler, the bulk of his arguments center on the strength of his appeal, which I have already addressed and rejected. The only other additional

---

[5] Again, in a sentencing context, the Third Circuit has explained that ordinary hardships experienced by families when a defendant is incarcerated cannot qualify as factors to depart from the sentence guideline range. *See United States v. Gaskill*, 991 F.2d 82, 84 (3d Cir. 1993)("Family ties and responsibilities and community ties are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range.")(citations omitted).

argument Stimler raises is the fact that his criminal conduct was aberrational, particularly since Stimler has no prior criminal history. On this point, Stimler stands on a different footing than Epstein. While Epstein was arguably the criminal mastermind in the kidnapping schemes, Stimler's role as a scribe was surely limited. Thus, on this factor, I find that Stimler's conduct in this regard was indeed aberrational, and that Stimler would lead an exemplary life on bail pending the resolution of his appeal. However, the presence of that factor in and of itself does not amount to exceptional reasons under § 3145(c). I also note that Stimler's sentence of 39 months would likely not be completed when the appeal is resolved. More importantly, Stimler has not presented any additional personal circumstances that would warrant a finding of exceptional reasons, and thus, he has not met his high burden. Accordingly, Stimler's motion is also denied.

## CONCLUSION

For the foregoing reasons, Defendants' motions for bail pending appeal, are **DENIED**. An appropriate Order shall follow.


DATED: 4/12/2016                        /s/      Freda L. Wolfson
                                        **Freda L. Wolfson**
                                        **United States District Judge**